IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DONNA CORBELLO | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:07CV985 |
| v. | § | |
| | § | |
| THOMAS GAETANO DEVITO | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## ORDER DENYING JOINT MOTION TO STAY

Before the court is the parties' Joint Motion to Stay [Doc. # 23]. The parties seek to stay the deadlines for initial mandatory disclosures, the filing of the Joint 26(f) Report, the Rule 16 management conference, and all discovery deadlines pending the court's ruling on the Defendant's motion to dismiss [Doc. #7].

The Order Governing Proceedings clearly states that parties are "not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending. . ." *See* Doc. # 12 at p. 5.[1]  Granting the requested stay pending resolution of Defendant's motion to dismiss would necessitate moving the trial date and other deadlines envisioned by the Order Governing Proceedings in the event that the Defendant's motion is ultimately denied, something the court's crowded docket does not allow. The parties were aware

---

[1] The court re-enforced this policy by e-mail on March 31, 2008. The parties were reminded that March 31 was the deadline for the Rule 26(f) attorney conference, and that the fact that a dispositive motion was pending did not change this requirement. Defendant's motion to dismiss was filed on February 12, 2008. Plaintiff did not respond until March 13, and Defendant replied on April 7. The fact that Defendant's motion to dismiss is still pending is therefore due in large part to the court's willingness to extend the response and reply deadlines upon request of the parties.

of their responsibilities under the Rules well in advance of filing this motion, which occurred mere days before the parties' initial mandatory disclosures and 26(f) Report were due.

Therefore, in order to secure the just, speedy, and inexpensive determination of this case pursuant to Fed. R. Civ. P. 1, the court will deny the parties' joint motion to stay.

IT IS THEREFORE ORDERED that the parties' Joint Motion to Stay [Doc. # 23] is DENIED.  The parties shall complete initial mandatory disclosures within seven days of this order and submit their Joint 26(f) Report by the date set forth in the Order Governing Proceedings.

So **ORDERED** and **SIGNED** this **30** day of **April, 2008.**

_____
Ron Clark, United States District Judge