**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **Donna Corbello,** | Case No. 1:07-cv-985 |
| **Plaintiff,** | |
| vs. | JURY |
| **Thomas Gaetano DeVito,** | |
| **Defendant.** | |

**JOINT REPORT ON ATTORNEY CONFERENCE UNDER FED R. CIV. P. 26(f)**

Pursuant to FED. R. CIV. P. 26(f), and the Court's *Order Governing Proceedings* [Doc. # 12], dated March 7, 2008, a telephonic meeting was held on March 31, 2008, between Gregory H. Guillot, counsel to Plaintiff, and L. Bradley Hancock, lead attorney for Defendant, in the above-captioned proceeding. A further meeting was conducted by telephone between said counsel on May 2, 2008, following the Court's *Order* [Doc. # 24] of April 30, 2008, and the parties now present their *Joint Report* and discovery plan, in accordance with said *Order*, the *Order Governing Proceedings*, and FED. R. CIV. P. 26(f).

1. **FACTUAL AND LEGAL SYNOPSIS OF THE CASE.**

On December 28, 2007, Plaintiff filed her *Complaint* [Doc # 1] with the Court, seeking declarations under the *Federal Declaratory Judgment Act* [28 U.S.C. § 2201] and Copyright Act [17 U.S.C. §§ 101 and 201], that Rex Woodard, her deceased husband, was, at minimum, the co-author of a biographical work regarding Defendant, and the pop group, the Four Seasons (the "Work"); that the Work is a "joint work" under 17 U.S.C. § 101; that Plaintiff inherited Mr. Woodard's rights in

the Work, and is co-owner thereof with Defendant under 17 U.S.C. § 201(d); that a copyright registration Defendant obtained for the Work should be supplemented to reflect Mr. Woodard's co-authorship and status as a copyright co-claimant; that Plaintiff may publish and exploit the Work, subject to a duty to account to Defendant; and, that Defendant has a duty to account to Plaintiff for profits obtained from the use and adaptation of the Work.  The *Complaint* also seeks an equitable accounting of such profits, including, but not limited to, profits derived from the musical, *Jersey Boys*, which Plaintiff alleges was adapted from the Work; the *Jersey Boys Original Cast Recording*, which Plaintiff alleges includes dialogue from the show; *Jersey Boys The Story of Frankie Valli and the Four Seasons*, a book which allegedly includes the abridged libretto for the play; and, a movie, which Plaintiff alleges will be based upon the play.  Finally, the *Complaint* includes an action for breach of contract, arising from Defendant's alleged failure to credit Mr. Woodard as co-author of the Work, or to share equally with Plaintiff in profits allegedly arising therefrom, which Plaintiff alleges violates an agreement between Mr. Woodard and Defendant, dated December 1, 1988.

On February 12, 2008, Defendant filed a *Motion to Dismiss for Lack of Personal Jurisdiction, and, Alternatively, Motion to Transfer Venue* [Doc. # 7 and # 8] ("Defendant's Motion"), seeking dismissal of the case for lack of personal jurisdiction and improper venue, or transfer to the District of Nevada.  The matter has been fully briefed, and is pending for decision by the Court:  Plaintiff responded to *Defendant's Motion* on March 13, 2008 [Doc. # 14], Defendant replied on April 7, 2008 [Doc. # 19], and Plaintiff filed her *Sur-Reply* [Doc. # 22] on April 20, 2008.  Pending a determination of *Defendant's Motion*, Defendant has not yet filed an *Answer*.  However, at the appropriate time, Defendant will address the causes of action and allegations in Plaintiff's *Complaint*.

3

## 2. JURISDICTIONAL BASIS FOR THIS SUIT.

Plaintiff's first cause of action presents a federal question, over which this Court has original and exclusive subject matter jurisdiction. *Goodman v. Lee*, 815 F.2d 1030, 1031-1032 (5th Cir. 1987). Plaintiff's remaining claims arise under State law, and fall within this Court's subject matter jurisdiction under 28 U.S.C. § 1367(a). Diversity jurisdiction is also present, under 28 U.S.C. § 1332(a)(1), as the parties reside in different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

Defendant does not challenge this Court's subject matter jurisdiction, but the Court's personal jurisdiction over Defendant is in dispute, and forms the subject of *Defendant's Motion*.

## 3. STATUS OF INITIAL MANDATORY DISCLOSURES UNDER FED. R. CIV. P. 26(A)(1).

The parties are scheduled to complete initial mandatory disclosures under FED. R. CIV. P. 26(a)(1) on Wednesday, May 7, 2008, pursuant to the Court's *Order* of April 30, 2008, and will each comply with said *Order*.

## 4. PROPOSED *SCHEDULING ORDER* DEADLINES.

The parties have agreed upon a proposed discovery plan and *Scheduling Order* for this case. The plan deviates in some respects from the standard schedule set forth in *Appendix 1* of the *Court's Order Governing Proceedings*, due to: (a) the number of witnesses whose testimonies are deemed important to the case, and their disparate locations; (b) the possible need to add parties to this action, and to complete certain discovery before this determination can be made; and, (c) the parties' anticipation that motions for summary judgment may be filed by one party or both in two stages, as the planned discovery progresses.

4

Specifically, as detailed in Section 6 hereinbelow, the parties anticipate that approximately thirty-one (31) witnesses will be deposed for this case, and upon information and belief, these witnesses reside in Beaumont, Georgetown, Dallas, and Tyler Texas; Las Vegas, Nevada; Brooklyn and New York City, New York; Danbury, Connecticut; Calabasas and Beverly Hills, California; Nashville, Tennessee, and other locations, yet to be determined.  Given that the conduct of these depositions will require a full month (excluding travel time), the service of *subpoena* (including *subpoena duces teca*) on remote residents, and substantial advance preparation, all amidst counsels' other case and client obligations, more time is needed for discovery than the period allotted in the standard schedule.

Further time is also needed for the addition of parties to this action, and the amendment of pleadings.  This determination cannot be made by either party until the examinations of Defendant and a number of out-of-state witnesses have been completed, along with document discovery, interrogatories, and requests for admission.  Accordingly, a later deadline for the addition of parties and amendment of pleadings is sought.

Finally, the parties propose a later deadline for the filing of dispositive motions herein.  In this regard, the parties anticipate that two motions for summary judgment may be filed by one or both in two stages as discovery progresses:  (1) motions for summary judgment on the copyright ownership issues may be filed following completion of written discovery and examination of the witnesses with knowledge relevant to these issues; and (2) motions for summary judgment may be filed on Plaintiff's accounting and breach of contract claims, following the completion of written discovery and examination of witnesses with relevant knowledge in these areas.  A later dispositive motion deadline is necessary to realistically accommodate these motions and the anticipated scope

5

of discovery.

The parties do not propose to disturb the trial date, or the immediate deadlines leading thereto. Moreover, the parties desire to pursue mediation, if the case cannot otherwise be settled. The schedule agreed upon by the parties is as follows:

- **A.** **Deadline for Motions to Transfer:** May 23, 3008
  (1 week after Management Conference)

- **B.** **Deadline to Add Parties:** August 8, 2008
  (12 weeks after Management Conference)

- **C.** **Deadline for Mediation:** July 25, 2008
  (Mediator's identity is under discussion)

- **D.** **Plaintiff's Disclosure of Expert Testimony:** August 22, 2008
  (14 weeks after Management Conference)

- **E.** **Plaintiff's Final Amended Pleadings:** August 22, 2008
  (14 weeks after Management Conference)

- **F.** **Defendant's Disclosure of Expert Testimony:** September 26, 2008
  (19 weeks after Management Conference)

- **G.** **Deadline to Object to Expert Witnesses:**
  (six weeks after disclosure of expert is made)

- **H.** **Defendant's Final Amended Pleadings:** September 26, 2008
  (19 weeks after Management Conference)

- **I.** **Dispositive Motion Deadline:** October 17, 2008
  (21 weeks after Management Conference)

- **J.** **Discovery Completion Deadline:** October 31, 2008
  23 weeks after Management Conference)

- **K.** **All other Case Deadlines:** As set forth in the *Order Governing Proceedings*, and *Appendix 1* thereto.

**5.** **MEDIATION.**

6

The parties desire to mediate this dispute if a settlement cannot otherwise be reached, and have set forth a proposed deadline for mediation in Section 4(C) hereinabove. The parties have not yet agreed upon a mediator, but believe they will be able to do so without Court intervention at this time.

**6.       THE IDENTITIES OF PERSONS EXPECTED TO BE DEPOSED.**

Although initial mandatory disclosures have not yet been exchanged, the parties currently anticipate that the following witnesses will be deposed in this action by Plaintiff, Defendant, or both:

1. Defendant, Thomas Gaetano DeVito
2. Plaintiff, Donna Corbello
3. Cindy Woodard Ceen
4. Myrtle Locke
5. Michael J. Lindsay
6. Jay I. Julien
7. Edda DeVito
8. Darby Orange
7. Frank Leanza
8. Des McAnuff
9. Rick Elice
10. Marshall Brickman
11. Edward Strong
12. Peter C. Bennett
13. Frankie Valli
14. Bob Gaudio
15. Steven Barkley
15. Steven Mason
16. Joe Pesci
17. Christian Hoff
18. Deven May
19. J. Kent Newsom
20. R. Kirk Newsom
21. Charles Alexander
22. Frank Rovello
23. Dee Ann Booker
24. Jerome Booker
25. Mildred Oliver Corbello
26. Deborah Corbello King

27. David Corbello
28. Paul W. Herring
29. David Cote
30. Holly Rothman
31. David Case

**7.    ISSUES RELATING TO DISCLOSURE OF ELECTRONICALLY STORED INFORMATION.**

There are no outstanding issues concerning electronically-stored information maintained by, or under the control of the parties. Neither party is aware of any surviving electronically-stored information from the period in which the Work was created. In the event that issues arise with respect to electronically-stored information of third parties, such third parties may be served with proper and timely *subpoenae* in the course of discovery.

**8.    ISSUES RELATING TO PRESERVING DISCOVERABLE INFORMATION, INCLUDING ELECTRONICALLY-STORED INFORMATION.**

There are no such issues known to the parties at the present time.

**9.    WHETHER ANY OTHER ORDERS SHOULD BE ISSUED BY THE COURT UNDER FED. R. CIV. P. 26(c), 16(b) OR 16(c).**

The parties have filed a *Stipulation and Order Protecting Trade Secrets and Other Confidential Information* [Doc. # 24], and request that it be accepted and entered by the Court.

The parties also stipulate and agree, under FED. R. CIV. P. 29(b) and 30, to permit each party to depose more than ten (10) witnesses herein, to accommodate the list of known witnesses set forth in Section 6 hereof. However, neither party shall depose more than five (5) witnesses who do not appear in Section 6 hereof, without a further stipulation, or leave of Court. The parties ask that this stipulation be reflected in the Court's *Scheduling Order*, pursuant to FED. R. CIV. P. 16(b)(3)(B)(ii).

Finally, the parties stipulate and agree, under FED. R. CIV. P. 29(b) and 33(a)(1), to permit

8

each party to serve on the other party a total of fifty (50) interrogatories, including discrete subparts, rather than the twenty-five (25) interrogatories otherwise permitted by FED. R. CIV. P. 33(a)(1), and the parties request that this stipulation be reflected in the *Scheduling Order*, pursuant to FED. R. CIV. P. 16(b)(3)(B)(ii).

**10.    ESTIMATED TRIAL TIME.**

The parties anticipate that the trial in this action will take approximately two-and-one-half (2 ½)  weeks, or thirteen (13) Court days.

**11.    THE NAMES OF ATTORNEYS WHO WILL APPEAR ON BEHALF OF THE PARTIES AT THE MANAGEMENT CONFERENCE.**

Gregory H. Guillot, of Gregory H. Guillot, PC, will appear at the Management Conference on behalf of Plaintiff.  L. Bradley Hancock, of Greenberg Traurig, LLP, will appear on Defendant's behalf.

**12.    ANY OTHER MATTERS COUNSEL DEEM APPROPRIATE FOR INCLUSION IN THE JOINT CONFERENCE REPORT.**

No other matters.

RESPECTFULLY SUBMITTED:

May 5, 2008                              By:   /s/ Gregory H. Guillot
                                              Gregory H. Guillot
                                              Texas Bar No. 24044312
                                              **GREGORY H. GUILLOT, PC**
                                              13455 Noel Road, Suite 1000
**ATTORNEY FOR PLAINTIFF,**              Dallas, TX 75240
**DONNA CORBELLO**                       Telephone: (972) 774-4560
                                              Facsimile: (214) 515-0411
                                              E-Mail:  ggmark@radix.net

9

                                    By:   /s/ L. Bradley Hancock
                                            L. Bradley Hancock
                                            Texas Bar No. 00798238
                                            **GREENBERG TRAURIG, LLP**
                                            1000 Louisiana, Suite 1800
                                            Houston, TX 77002
**ATTORNEY FOR DEFENDANT,**    Telephone: (713) 374-3500
**THOMAS GAETANO DEVITO**      Facsimile: (713) 374-3505
                                            E-Mail:  HancockB@gtlaw.com

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **Donna Corbello,** | Case No. 1:07-cv-985 |
| **Plaintiff,** | |
| **vs.** | **CERTIFICATE OF SERVICE** |
| **Thomas Gaetano DeVito,** | |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

I, Gregory H. Guillot, do hereby certify that a true and correct copy of the foregoing *Joint Report on Attorney Conference under Fed R. Civ. P. 26(f),* was served, via CM/ECF, upon L. Bradley Hancock, Greenberg Traurig, LLP, 1000 Louisiana, Ste. 1800, Houston, TX 77002, counsel to Defendant, on this, the 8th day of May, 2008.

                                                        /s/Gregory H. Guillot
                                                           Gregory H. Guillot